**The PEOPLE of the State of Colorado, Complainant,**

v.

**John W. KINKADE, Attorney–Respondent.**

**No. 92SA199.**

Supreme Court of Colorado, En Banc.

June 22, 1992.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Bender & Treece, P.C., Michael L. Bender, Denver, for attorney-respondent.

PER CURIAM.

The assistant disciplinary counsel and the respondent in this attorney discipline proceeding have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be disbarred for conversion of estate and trust funds. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be disbarred, that he make restitution in full before any applica-

tion for readmission, and that he be assessed the costs of these proceedings.

I

The respondent was admitted to the bar of this court on October 1, 1971, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b).[1] In the stipulation, the respondent admitted the following facts:

(a) While serving as attorney-in-fact under a power of attorney and personal representative for the Estate of Josephine B. Jones, Respondent converted funds in the approximate amount of $88,229.29 commencing on or about April 19, 1991. As of September 23, 1991, Respondent had repaid the estate in full with interest.

(b) While serving as personal representative for the Estate of Frank A. Berger, Respondent converted funds in the approximate amount of $106,000 commencing on or about June 1, 1989. As of September 23, 1991, Respondent had repaid the estate in full with interest.

(c) While serving as personal representative for the Estates of Allen and Doris Sorenson, Respondent converted funds in the approximate amount of $70,200 during the period of approximately January 9, 1985 to August 25, 1986. These estates were repaid in full with interest as of August 26, 1988.

(d) While serving as Trustee for the McCreery Trust II, Respondent converted approximately $301,450.48 during the period of approximately 1981 through May 1991. As of September 18, 1991, Respondent had repaid the trust $25,731.61 and had provided a secured Promissory Note for the balance to the Trust which has been reduced by approximately $70,000 as of this date.

(e) Respondent previously served as attorney for the Stinson Estate. At the

---

**1.** The respondent was placed under immediate suspension by order of this court on September 27, 1991, pending the outcome of these proceed-

ings. *People v. Kinkade,* No. 91SA360 (Colo. Sept. 27, 1991) (order); C.R.C.P. 241.8.

time the estate was closed, $3,736.36 remained unclaimed in Respondent's trust account and beneficiaries could not be located. Respondent converted the $3,736.36. As of September 18, 1991, Respondent had placed the $3,736.36 in a three-month Certificate of Deposit at Union Colony Bank for the benefit of the Stinson Estate.

(f) While serving as trustee for Betty Williams, Respondent converted $72,470.10 from April 3, 1984 through December 31, 1984. The trust was repaid in full as of December 31, 1984.

Stipulation, Agreement and Conditional Admission of Misconduct at 2-4. As the respondent has stipulated, his conduct violated DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). The respondent's consent to disbarment as the appropriate disciplinary sanction for conversion of funds held by the lawyer as a fiduciary is in accordance with our case law. *See, e.g., People v. Finesilver,* 826 P.2d 1256, 1258-59 (Colo.1992); *People v. Margolin,* 820 P.2d 347, 349 (Colo.1991).

## II

Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel. It is hereby ordered that John W. Kinkade be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that the respondent pay the costs of these proceedings in the amount of $51.80 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500-S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that prior to any application for readmission, the respondent make restitution in full, including interest at the statutory rate, to any and all clients and other persons injured by his conversion of funds.

